Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4188 | **DATE** | 8/3/2001 |
| **CASE TITLE** | Carol Cleigh, et al. vs. Holiday Inn Evanston, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiffs' motion for an order against defendant for contempt [9-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 0 7 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | | CM docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RO | courtroom deputy's initials | FILED FOR DOCKETING 01 AUG -6 PM 12:56 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROL CLEIGH and LARRY BONDI, | ) ) ) |
| Plaintiffs, | ) No. 00 C 4188 ) |
| v. | ) ) Judge Ruben Castillo |
| HOLIDAY INN EVANSTON, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Carol Cleigh and Larry Bondi ("Plaintiffs") filed a motion to find Holiday Inn Evanston, Inc. ("Holiday Inn") in contempt, (R. 9-1), of this Court's Order dated February 7, 2001, (R. 8). For the reasons that follow, Holiday Inn is ordered to pay a fine to Plaintiffs as outlined below.

## RELEVANT FACTS

Plaintiffs are two disabled persons who filed a lawsuit against Holiday Inn, a public hotel, under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). Plaintiffs claimed, and Holiday Inn conceded, that Holiday Inn was not equipped to allow handicapped access to the hotel in violation of Title III of the ADA.[1] This Court agreed and, after negotiations between the parties, we entered an Order on February 7, 2001 ("February 7 Order") providing specific instructions for Holiday Inn to install a wheelchair lift at the front of the hotel. Specifically, based on the agreement of the parties, we ordered that construction of the

---

[1] Title III of the ADA reads: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182 (1994).

wheelchair lift must commence on or before April 15, 2001 and be completed no later than June 1, 2001. The Order stated that for each day of noncompliance with the Order, as determined by this Court, Holiday Inn "may be required to pay a fine to Plaintiffs in the amount of $100." (R. 8, Feb. 7, 2001 Order ¶ 6.)

Plaintiffs filed this motion for contempt on May 10, 2001, after observing that construction of the wheelchair lift had not begun by April 15, 2001, as required by the February 7 Order. Furthermore, the wheelchair lift was not completed and fully operational by June 1, as required by the February 7 Order. Plaintiffs seek monetary compensation from Holiday Inn pursuant to the terms of the February 7 Order for Holiday Inn's continuing noncompliance.

Holiday Inn's response is that the company is making best efforts at compliance but that construction of the wheelchair lift has been delayed due to factors beyond Holiday Inn's control. Holiday Inn claims that it has planned to build an ADA-compliant wheelchair lift at the Evanston hotel since 1998 and that construction of such a complex piece of machinery has necessarily required extensive consultations with the City of Evanston and the receipt of a building permit. Furthermore, Holiday Inn contends that construction of the lift could not commence on its own but needed to be synchronized with another construction project, *i.e.* the installation of a million-dollar sprinkler system. Holiday Inn points to progress in the construction of the wheelchair lift (as evidenced in photographs Holiday Inn attached to its response to the motion for contempt) and argues that it should not be held in contempt because it has made substantial progress. (R. 11, Def.'s Resp. to Mot. for Contempt at 8.)

## LEGAL STANDARDS

"There can be no question that courts have inherent power to enforce compliance with

their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). "To hold a party in contempt, the district court must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated." *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989) (internal quotations and citations omitted). Furthermore, the complaining party must prove that the opposing party violated the order through "clear and convincing evidence." *Id.* The violation does not have to be willful, *see Commodity Futures Trading Comm'n v. Premex, Inc.*, 655 F.2d 779, 784 n.9 (7th Cir. 1981), and a defendant can be held in civil contempt if the defendant has not been "reasonably diligent and energetic in attempting to accomplish what was ordered," *Am. Fletcher Mortgage Co. v. Bass*, 688 F.2d 513, 517 (7th Cir. 1982) (quoting *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir. 1981)).

## ANALYSIS

In this case, Holiday Inn does not dispute that it violated the terms of the February 7 Order. Holiday Inn acknowledges in its brief that it did not begin actual construction of the wheelchair lift until after May 21, 2001, when it finally received a building permit. Furthermore, Holiday Inn acknowledges that the lift was not completed by the June 1 deadline. Holiday Inn, however, urges this Court to excuse its noncompliance with the February 7 Order. Holiday Inn asserts that the wheelchair lift must be customized specifically for the Evanston hotel and that this customization requires extensive consultations with the City of Evanston and with contractors. Holiday Inn also claims that the hotel could not reasonably separate this construction project from other projects at the hotel (*i.e.* installing a new sprinkler system) and that all this work had to be arranged together. These assertions, however, do not mitigate the fact

3

that Holiday Inn negotiated for and agreed to the terms laid out in this Court's February 7 Order, terms that Holiday Inn is now violating. Holiday Inn is a sophisticated party and should have been aware of these potential problems before negotiating a time line for completion (Holiday Inn's response brief shows that the complained-of delays have been in the offing for months and thus cannot be considered surprises). Moreover, when it became apparent to Holiday Inn that it would not meet the terms of this Court's Order, Holiday Inn should have so informed Plaintiffs and this Court, and it even acknowledges as much in its response: "in retrospect, [Holiday Inn] should have sought relief from this Court." (R. 11, Def.'s Resp. to Mot. for Contempt at 7.) Therefore, this Court is not sympathetic to Holiday Inn's claim that its failure to perform is due to circumstances beyond its control.

Based on these facts, we reluctantly come to the conclusion that we must fine Holiday Inn in order to bring about compliance with this Court's February 7 Order.[2] Consequently, Holiday Inn is ordered to pay a fine to Plaintiffs in the amount of $100.00 for each day that the lift is not completed and fully operational, beginning on June 2, 2001 and continuing until the date of eventual completion.[3]

---

[2] We note that Holiday Inn has not requested a hearing on the motion for contempt and, because it has not provided any evidence that it is, in fact, in compliance with the February 7 Order, we see no need to hold such a hearing. However, if Holiday Inn brings information to this Court's attention that demonstrates that the wheelchair lift was timely completed, we would be willing to hold a hearing to ascertain whether Holiday Inn is in compliance with the February 7 Order.

[3] Plaintiffs urge that Holiday Inn also should pay fines for each day after April 15, 2001, *i.e.* the deadline specified in the February 7 Order, that Holiday Inn did not *commence* construction on the wheelchair lift. (R. 9, Pls.' Mot. for Contempt ¶¶ 2, 3.) We find that, although Holiday Inn may have been in noncompliance with the February 7 Order insofar as it did not commence actual construction work on the wheelchair lift by April 15, 2001, the hotel has submitted sufficient evidence that it had undertaken efforts to begin the construction process,

## CONCLUSION

For these reasons, we order Holiday Inn to pay Plaintiffs, pursuant to our February 7 Order, as outlined herein.

                            **ENTERED:** *[signature]*
                                                  Judge Ruben Castillo
                                                  United States District Court

**Dated: August 3, 2001**

---

*e.g.* the August 30, 2000 general site approval and the March 29, 2001 plan approval, by the required date. Thus, we decline to fine Holiday Inn based on the April 15 commencement deadline.